UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Cr. No.: 8:05-cr-00809-GRA-2 |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | (Written Opinion) |
| ) | |
| JESSIE LEWIS YARBOROUGH, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter comes by Defendant's motion before the Court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission ("the Commission") pursuant to the Fair Sentencing Act of 2010 and 28 U.S.C. § 994(o). (ECF No. 72). For the following reasons, Defendant's Motion is DENIED.

**Background**

This motion is based on Amendment 750 to the United States Sentencing Guideline (U.S.S.G.) § 2D1.1(c). This amendment adjusts the base offense level assigned to each threshold quantity of cocaine base, or "crack cocaine," downward by two levels. U.S.S.G. App. C, Amend. 750 (Nov. 1, 2011) (succeeding the temporary emergency amendment, Amendment 748, enacted on November 1, 2010). On June 30, 2011, the Commission voted to add this

amendment to the list of amendments in U.S.S.G. § 1B1.10(c) that may be applied retroactively. This amendment became effective on November 1, 2011. Further, the Commission amended Application Note 10(D) to § 2D1.1 in order to remedy sentencing anomalies under Amendment 750. This amendment became effective on November 1, 2011; therefore this matter is now ready for disposition.

## Discussion

Defendant was first sentenced on March 28, 2006 with the following sentencing range:

 Total Offense Level: 24

 Criminal History Category: V

 Months Imprisonment: 152 to 175

Taking into consideration these guidelines, the Court sentenced Defendant to 152 months (mandatory minimum) for Counts 2 and 4. This sentence was within the range indicated by the guidelines. Further, Defendant's sentence was not reduced pursuant to U.S.S.G. § 5K1.1, Rule 35, or a variance under 18 U.S.C. § 3553(a), and it was rendered after the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005).

After taking into account all of the amendments to §§ 1B.10 & 2D1.10, the Court finds that the amended sentencing range should be:

 Total Offense Level: 24

 Criminal History Category: V

Months Imprisonment: <u>152 to 175</u>

Here, the original offense level was determined on the amount of cocaine, not crack cocaine. Further, in Defendant's Plea Agreement, Defendant agreed that the "quantity of cocaine involved [was] 1 kilogram of cocaine with a base offense level of 26 for purposes of calculating the Defendant's sentence pursuant to the United States Sentencing Commission Guidelines." *See* ECF No. 66. In effect, the new Amendment does not apply to Defendant's case because the original offense did not involve crack cocaine. Therefore, Defendant's sentence range under the new Amendment does not change. Also, this Court will not consider any guideline decision from the previous sentencing that was unaffected by the recent amendment. U.S.S.G. § 1B1.10(b)(1).

## **Conclusion**

Having calculated and considered the revised sentencing guidelines, specifically the provisions of §§ 2D1.1 and 1B1.10, and having also considered the relevant statutory sentencing factors contained in 18 U.S.C. § 3553(a) and the advisory nature of the Sentencing Guidelines, it is the judgment of the Court that the defendant's previously imposed sentence shall remain in effect and not be reduced because it is a sentence within the revised advisory guidelines range. Except as provided by this Order, all provisions of Defendant's previous sentence dated March 28, 2006, remain in full force.

IT IS THEREFORE ORDERED THAT the Motion for Reduction of Sentence is DENIED.

IT IS SO ORDERED

G. Ross Anderson, Jr.
Senior United States District Judge

November 9, 2011
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL DECISION**

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Defendant has the right to appeal this Order within **fourteen (14)** days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**